# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST L. BONNER, JR., M.D., | No. 2:19-cv-00674-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| RITE AID CORPORATION, and DOES 1 through 50, | |
| Defendants. | |

Through the present action, Plaintiff Ernest L. Bonner, Jr., M.D. ("Plaintiff") alleges seven causes of action ("COA") against Defendant Rite Aid Corporation ("Defendant") arising from Defendant's refusal to fill prescriptions written by Plaintiff and from alleged defamatory comments made by Defendant's employees to Plaintiff's patients. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). ECF No. 11. Specifically, Defendant moves to dismiss Plaintiff's fifth, sixth, and seventh claims for relief for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Additionally, pursuant to both Rules 12(b)(6) and 12(f), Defendant moves to strike the portion of Plaintiff's prayer for relief seeking restitution and punitive damages. ECF Nos. 11, 12. For the reasons set

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

forth below, Defendant's Motion to Dismiss is GRANTED and Defendant's Motion to Strike is DENIED as moot.[2]

**BACKGROUND**[3]

Beginning in March 2018, Plaintiff began hearing from his patients that Defendant's employees were making odd and defamatory comments when they tried to fill their prescriptions at Defendant's pharmacies and that the pharmacists were refusing to fill their prescriptions. For example, one patient said a pharmacist told him that Defendant would no longer fill Plaintiff's prescriptions and that Plaintiff is being investigated for writing too many prescriptions. About two months later, another patient told Plaintiff that one of Defendant's employees said Defendant would not fill prescriptions written by Plaintiff because Plaintiff "doesn't know how to write prescriptions" and that "he should not be practicing medicine."

In March 2019, one of Defendant's pharmacists refused to fill the prescription of one of Plaintiff's patients. Plaintiff spoke to the pharmacist and patient on a three-way call, and Plaintiff was informed that Defendant would not fill the patient's prescription because Plaintiff decreased patient's opiate medication. When the patient tried to fill his prescription at another pharmacy operated by Defendant, the pharmacist there refused to fill the same prescription.

On April 1, 2019, Defendant sent a letter to Plaintiff stating that Plaintiff wrote too many pain prescriptions and that some of his patients were "redflags" because they were self-paying. Due to these concerns and dangers of drug abuse, Defendant would no

///
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken from Plaintiff's FAC. ECF No. 9.

2

longer fill pain prescriptions written by Plaintiff as of April 15, 2019.[4]  In addition to no longer filling prescriptions, Plaintiff alleges that Defendant began a "smear campaign" against him.

On April 22, 2019, Plaintiff filed his original complaint.  ECF No. 1.  On June 20, 2019, Plaintiff filed his FAC, alleging seven causes of action against Defendant: (1) Unfair Competition ("UCL"); (2) Intentional Interference with Prospective Economic Advantage; (3) Negligent Interference with Prospective Economic Advantage; (4) Defamation; (5) Intentional Infliction of Emotional Distress ("IIED"); (6) violation of 42 U.S.C. § 1981 ("§ 1981"); and (7) violation of Title VII.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

---

[4] Defendant states that the letter stressed Defendant's concern about controlled substance prescription abuse and that Defendant and its pharmacists "have a responsibility to take appropriate steps to reduce the potential that drugs they dispense are not diverted or abused."  Def.'s Mot. Dismiss, ECF No. 11, at 4.

3

Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendant moves to dismiss the following claims from the FAC: (1) Fifth, Sixth, and Seventh COAs; (2) claims for restitution as alleged in the First COA; and (3) claims for punitive damages as alleged in the Fourth, Fifth, and Sixth COAs.[5]

### A. Defendant's Motion to Dismiss Plaintiff's Fifth COA for IIED is Granted With Leave to Amend

To prevail on a claim for IIED, Plaintiff must show: (1) extreme and outrageous conduct by the Defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) resulting severe or extreme emotional distress by the Plaintiff; and (3) actual and proximate causation of the emotional distress by the Defendant's outrageous conduct. Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). "The alleged outrageous conduct 'must be so extreme as to exceed all bounds . . . usually tolerated in a civilized community.'" Id. In addition, the requisite severe emotional distress must be such that "no reasonable [person] in civilized society should be expected to endure it." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1004 (1993). Plaintiff fails to allege any emotional distress or intentional conduct causing that distress. Therefore, Plaintiff's Fifth COA is DISMISSED with leave to amend.

///

---

[5] Defendant also moves to strike Plaintiff's request for restitution and punitive damages under Rule 12(f). Mot. Strike, ECF No. 12. Rule 12(f), however, is the improper vehicle by which to attack damages allegations. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010). Such attacks should instead be made pursuant to Rule 12(b)(6), especially when, as here, the sufficiency of the pleading is at issue. Id. Accordingly, Defendant's Motion to Strike, ECF No. 12, is DENIED as moot and the Court will analyze Defendant's motion to dismiss portions of Plaintiff's prayer for relief under Rule 12(b)(6).

5

**B. Defendant's Motion to Dismiss Plaintiff's Sixth COA under § 1981 is Granted With Leave to Amend**

Defendant argues that Plaintiff's Sixth COA fails because Plaintiff is not an employee of Defendant and the FAC does not involve the making and enforcement of contracts. Section 1981 provides "a federal remedy against discrimination in private employment on the basis of race." Johnson v. Railway Exp. Agency, Inc., 412 U.S. 454, 459-60 (1975). It further provides, in pertinent part, that all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 is not, however, "a general proscription of racial discrimination . . . it expressly prohibits discrimination only in the making and enforcement of contracts." Peterson v. State of Cal. Dep't of Corr. and Rehab., 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006), quoting Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).

Here, Plaintiff alleges that Defendant's conduct "denied employment opportunities providing substantial compensation and benefits" and "deprived [Plaintiff] an African American Doctor of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges." FAC, ECF No. 9, at 17-18. First, Plaintiff fails to allege any discriminatory conduct or intent. To support his claim Plaintiff merely states that because of his race, Defendant refused to fill prescriptions written by him. Such conclusory assertions are insufficient to show that Plaintiff's race motivated Defendant's decision, especially when it is undisputed that Defendant sent Plaintiff a letter stating concern for prescription drug abuse as the reason behind the refusal.

Second, Plaintiff argues that Defendant's conduct affects Plaintiff's existing and future contractual relationships with patients. To establish a prima facie case of racial discrimination in non-employment contracts, a plaintiff must show: "(1) [he] is a member of a protected class, (2) [he] attempted to contract for certain services, and (3) [he] was

6

denied the right to contract for such services." Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006). Plaintiff does not assert any contractual relationship between him and Defendant and instead alleges that Defendant's conduct interfered with his contractual relationships with third parties. These contract arguments, however, were first addressed in Plaintiff's Opposition and thus the Court cannot consider these arguments at this time.[6] Therefore, Plaintiff's Sixth COA is DISMISSED with leave to amend.

### C. Defendant's Motion to Dismiss Plaintiff's Seventh COA under Title VII is Granted Without Leave to Amend

Next, Defendant seeks dismissal of Plaintiff's Title VII claim because Plaintiff is not an employee. The protections of Title VII apply only to employees. Murray v. Principal Fin. Grp., Inc., 613 F.3d 943, 944 (9th Cir. 2010). Plaintiff fails to address this contention in his Opposition. See ECF No. 18; Tatum v. Schwartz, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (holding that the plaintiff "tacitly concede[d]" that her claim should be dismissed by failing to address defendants' argument in her opposition, and granting defendants' motion to dismiss with respect to that claim). Plaintiff is an independent physician and has never worked for Defendant. See generally FAC, ECF No. 9. Because Plaintiff is not an employee and fails to address this in his Opposition, Plaintiff's Seventh COA is DISMISSED without leave to amend.

### D. Defendant's Motion to Dismiss Plaintiff's Request for Restitution under the First COA is Granted With Leave to Amend

Defendant also seeks dismissal of Plaintiff's request for restitution under the First COA because Plaintiff failed to allege how Defendant was unjustly enriched at Plaintiff's expense. "Restitution under the UCL is limited to restoration of any interest in money or property, real or personal, which may have been acquired by means of such unfair

---

[6] Plaintiff also alleges for the first time in his Opposition that his chronic pain patients sign a written contractual agreement if they are treated with opioid medication. Pl.'s Opp., ECF No. 18, at 8.

competition." Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am., No. SACV-16-01397-CJC(SSx), 2016 WL 9414093, at *2 (C.D. Cal. 2016) (internal quotation marks omitted). The FAC fails to allege facts indicating that any money was paid to Defendant that should be restored to Plaintiff. Therefore, Plaintiff's request for restitution under the First COA is DISMISSED with leave to amend.

### E. Defendant's Motion to Dismiss Plaintiff's Request for Punitive Damages under the Sixth COA is Granted With Leave to Amend[7]

Punitive damages are available in an action brought under § 1981. See Johnson, 421 U.S. at 460. Punitive damages are available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1971) (applying to 42 U.S.C. § 1983 claim); see Woods v. Graphic Commc'ns., 925 F.2d 1195, 1206 (9th Cir. 1991) (applying Smith to punitive damages under § 1981). Here, Plaintiff fails to include any factual assertions supporting a conclusion that Defendant acted with evil motive. Plaintiff's conclusory statement that Defendant "acted with malice or reckless indifference" is insufficient to justify an award of punitive damages. Therefore, Plaintiff's request for punitive damages under the Sixth COA is DISMISSED with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Fifth COA, Sixth COA, and requests for restitution and punitive damages, ECF No. 11, is GRANTED with leave to amend but GRANTED without leave to amend as to Plaintiff's

---

[7] Plaintiff further requests punitive damages for his Fourth and Fifth COAs, both of which fall under state law. Defendant argues that Plaintiff failed to comply with California Code of Civil Procedure § 425.13, which states a plaintiff cannot seek punitive damages from a healthcare provider on a claim for professional negligence without leave of court. There is a great jurisdictional split on whether this statute applies in federal court, but both parties fail to address this issue. Additionally, Plaintiff fails to allege any malice, oppression, or fraud. Therefore, the Court DISMISSES this request with leave to amend, specifically to address the applicability of this statute in federal court.

Seventh COA.  Defendant's Motion to Strike, ECF No. 12, is also DENIED as moot.  Not later than twenty (20) days following the date of this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no amended complaint is filed within said twenty (20)-day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice.

    IT IS SO ORDERED.

Dated:  February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE