UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST L. BONNER, JR., M.D.,<br><br>                  Plaintiff,<br><br>        v.<br><br>RITE AID CORPORATION, and DOES 1 through 50,<br><br>                  Defendant. | No.  2:19-cv-00674-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Ernest L. Bonner, Jr., M.D. ("Plaintiff") alleges six causes of action ("COA") against Defendant Rite Aid Corporation ("Defendant"): (1) Unfair Competition ("UCL"); (2) Intentional Interference with Prospective Economic Advantage; (3) Negligent Interference with Prospective Economic Advantage; (4) Defamation; (5) Intentional Infliction of Emotional Distress ("IIED"); and (6) violation of 42 U.S.C. § 1981 ("§ 1981").  Presently before the Court are two defense motions: (1) Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), ECF No. 24, and (2) Motion to Strike Portions of Plaintiff's SAC, ECF No. 25.  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED and Defendant's Motion to Strike is DENIED as moot.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

# BACKGROUND[2]

Plaintiff is a physician who describes himself as a pain management specialist. He enters into written contractual agreements with his patients treated for chronic pain through controlled substances. Such agreements, which further require the patient to obtain prescribed opioids from only one physician and one pharmacy, are well known among physicians and pharmacists.

Beginning in March 2018, Plaintiff began hearing from his patients that Defendant's employees were making odd and defamatory comments when they tried to fill their prescriptions at Defendant's pharmacies, and the pharmacists were refusing to fill their prescriptions. The following March, one of Defendant's pharmacists refused to fill the prescription of one of Plaintiff's patients on the basis that Plaintiff decreased the patient's opiate medication. When the patient tried to fill his prescription at another pharmacy operated by Defendant, the pharmacist there refused to fill the same prescription.

Defendant subsequently sent a letter to Plaintiff stating that Plaintiff wrote too many pain prescriptions and that some of his patients were "redflags" because they were self-paying. Due to these concerns and dangers of drug abuse, Defendant would no longer fill pain prescriptions written by Plaintiff as of April 15, 2019. Plaintiff, who is African American, contacted several white physicians who purportedly wrote more opioid prescriptions than him and learned that none of their patients were prohibited from filling their prescriptions at Defendant's pharmacies. In addition to no longer filling prescriptions, Plaintiff alleges that Defendant began a "smear campaign" against him.

///
///
///
///

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's SAC. ECF No. 23.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless noted otherwise.

3

1  facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . .
2  have not nudged their claims across the line from conceivable to plausible, their
3  complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed
4  even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a
5  recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.
6  232, 236 (1974)).
7       A court granting a motion to dismiss a complaint must then decide whether to
8  grant leave to amend.  Leave to amend should be "freely given" where there is no
9  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
10  to the opposing party by virtue of allowance of the amendment, [or] futility of the
11  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
12  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
13  be considered when deciding whether to grant leave to amend).  Not all of these factors
14  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
15  carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
16  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
17  "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,
18  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
19  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
20  1989) ("Leave need not be granted where the amendment of the complaint . . .
21  constitutes an exercise in futility . . . .")).
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## ANALYSIS

Defendant moves to dismiss the following claims from the SAC: (1) Fifth and Sixth COAs; (2) claims for restitution as alleged in the First COA; and (3) claims for punitive damages as alleged in the Fourth, Fifth, and Sixth COAs.[4]

### A. Defendant's Motion to Dismiss Plaintiff's Fifth COA for IIED is Granted Without Leave to Amend

To prevail on a claim for IIED, Plaintiff must show: (1) extreme and outrageous conduct by Defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) resulting severe or extreme emotional distress by Plaintiff; and (3) actual and proximate causation of the emotional distress by Defendant's outrageous conduct. Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). "The alleged outrageous conduct 'must be so extreme as to exceed all bounds . . . usually tolerated in a civilized community.'" Id.

Here, Plaintiff alleges that he is one of a small group of California doctors licensed to prescribe Suboxone and that Defendant's refusal to fill these prescriptions means minority and low-income patients cannot get access to medical care afforded to white patients. SAC ¶¶ 71–77. However, Defendant's refusal to fill prescriptions written by Plaintiff alone does not translate into a complete bar to medical care since patients can fill their prescriptions at another pharmacy. Plaintiff's Opposition falls back on his default position that Defendant's refusal to fill his prescriptions came without explanation but the

///
///
///

---

[4] Defendant again moves to strike Plaintiff's request for restitution and punitive damages under Rule 12(f). Mot. Strike, ECF No. 25. Rule 12(f), however, is the improper vehicle by which to attack damages allegations. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010). Such attacks should instead be made pursuant to Rule 12(b)(6), especially when, as here, the sufficiency of the pleading is at issue. Id. Accordingly, Defendant's Motion to Strike is DENIED as moot and the Court will analyze Defendant's motion to dismiss portions of Plaintiff's prayer for relief under Rule 12(b)(6).

SAC itself states that Defendant sent a letter explaining its concern for prescription drug abuse as the reason for the refusal.[5]  See Ex. A, Def.'s RJN, ECF No. 26-1.  Ultimately, Plaintiff cannot show extreme or outrageous conduct and his Fifth COA is DISMISSED without leave to amend.

### B. Defendant's Motion to Dismiss Plaintiff's Sixth COA Under § 1981 is Granted Without Leave to Amend

Plaintiff next alleges a violation of § 1981, which provides that all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981.  It is not, however, "a general proscription of racial discrimination . . . it expressly prohibits discrimination only in the making and enforcement of contracts."  Peterson v. State of Cal. Dept' of Corr. and Rehab., 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006), quoting Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).  To establish a prima facie case of racial discrimination in non-employment contracts, a plaintiff must show:  "(1) [he] is a member of a protected class, (2) [he] attempted to contract for certain services, and (3) [he] was denied the right to contract for such services."  Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006).

Here, Plaintiff provides that each of his chronic pain patients treated with opioid medication have signed a written contractual agreement, which require the patient to obtain his or her medication from only one physician and one pharmacy.  SAC ¶ 31.  However, Plaintiff fails to allege how he attempted to contract for certain services and was denied the right to do so by Defendant.  Plaintiff can still enter into such contracts with his patients and continue to write prescriptions pursuant to those agreements.  The fact that his patients must fill their prescriptions at another pharmacy does not impair or

---

[5] Defendant also submits a Request for Judicial Notice ("RJN") regarding various documents in support of its Motion, including Plaintiff's April 22, 2019 Complaint and four opinions issued in this district.  Def.'s RJN, ECF No. 26.  Plaintiff does not oppose this request, which is the proper subject of judicial notice.  See Lee v. Cty. of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record).  Accordingly, Defendant's RJN is GRANTED.

interfere with Plaintiff's ability to execute written contractual agreements with his patients.

Furthermore, Plaintiff again fails to allege any discriminatory conduct or intent. Plaintiff alleges he contacted several white physicians who wrote more opioid prescriptions than him but none of their patients were prohibited from filling their prescriptions at Defendant's pharmacies. SAC ¶ 84. Such an allegation is insufficient to show discriminatory intent, especially given that the SAC concedes that Defendant's reasoning for its refusal to fill Plaintiff's prescriptions was its concern for prescription drug abuse. Finally, there are no allegations to suggest Defendant knew Plaintiff was African American since the patients visit Defendant's pharmacies and not the doctor. Plaintiff ultimately fails to show racial discrimination in the enforcement or making of contracts, and accordingly, Plaintiff's Sixth COA is DISMISSED without leave to amend.

### C. Defendant's Motion to Dismiss Plaintiff's Request for Restitution Under the First COA is Granted Without Leave to Amend

"Restitution under the UCL is limited to restoration of any interest in money or property, real or personal, which may have been acquired by means of such unfair competition." Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am., No. SACV-16-01397-CJC(SSx), 2016 WL 9414093, at *2 (C.D. Cal. 2016) (internal quotation marks omitted). Plaintiff once again fails to allege any facts indicating that any money was paid to Defendant that should be restored to Plaintiff, and therefore, Plaintiff's request for restitution under the First COA is DISMISSED without leave to amend.

### D. Defendant's Motion to Dismiss Plaintiff's Request for Punitive Damages Under the Fourth COA is Granted Without Leave to Amend[6]

For a corporate defendant to be liable for punitive damages, "an officer, director, or managing agent" must have committed the act of oppression, fraud, or malice, or must have had advance knowledge of such an act by an employee and either

---

[6] Plaintiff's Fifth and Sixth COAs presently dismissed, the Court need not address whether Plaintiff adequately pleads punitive damages with respect to those claims.

7

authorized, ratified, or consciously disregarded the act. Cal. Civ. Code § 3294(b). Here, Plaintiff does not allege any facts to indicate that any of Defendant's officers, directors, or managing agents participated in the alleged defamation. Furthermore, Plaintiff's conclusory allegation that Defendant's statements "were made intentionally, willfully, and maliciously" is insufficient to show malice. SAC ¶ 64. Therefore, Plaintiff's request for punitive damages under the Fourth COA is DISMISSED without leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's SAC, ECF No. 24, is GRANTED without leave to amend. Defendant's Motion to Strike, ECF No. 25, is also DENIED as moot. This case shall proceed on Plaintiff's First, Second, Third, and Fourth COAs.[7]

IT IS SO ORDERED.

Dated: May 29, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] Defendant requests the Court decline to exercise supplemental jurisdiction over the remaining state law claims. Mot. Dismiss, ECF No. 24, at 14. Because the SAC premises federal jurisdiction on diversity, the Court still retains original jurisdiction over these claims and thus, Defendant's request is denied. See SAC ¶ 5.